1 | **JILL WILLIAMS – State Bar No. 221793**
2 | **CAYLIN W. JONES – State Bar No. 327829**
  | **CARPENTER, ROTHANS & DUMONT**
  | **500 S. Grand Avenue, 19th Floor**
3 | **Los Angeles, CA  90071**
  | **(213) 228-0400 / (213) 228-0401 [Fax]**
4 | **jwilliams@crdlaw.com / cjones@crdlaw.com**

5  Attorneys for Defendant,
   County of Los Angeles

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO SANCHEZ, an individual, | Case No.: 2:20-CV-00280 ODW (GJSx) |
| Plaintiff, | |
| v. | **NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| COUNTY OF LOS ANGELES, a municipal corporation; PARKER DRISCOLL, individually and in her capacity as a deputy sheriff for the Los Angeles County Sheriff's Department; and DOES 1 through 10, inclusive, individually and in their official capacity as deputy sheriffs for the Los Angeles County Sheriff's Department, | FRCP 12(c) |
| | **Date:      June 29, 2020**<br>**Time:      1:30 p.m.**<br>**Courtroom: 5D** |
| Defendants. | |

**PLEASE TAKE NOTICE** that on June 29, 2020, at 1:30 p.m., or as soon thereafter as counsel may be heard in Courtroom 5D of the United States District Court, Central District, located at 350 W. 1st Street, Los Angeles, California, Defendant County of Los Angeles, a public entity, will and hereby does move this court for judgment on the pleadings as to all claims brought by Plaintiff Eduardo Sanchez, where, pursuant to the holding of Heck v. Humphrey, 512 U.S. 477 (1994), Sanchez's criminal conviction in Los Angeles Superior Court case People

1  v. Eduardo Sanchez (case number MA075186) bars all of his claims in this
2  lawsuit.
3        Pursuant to Central District Local Rule 7-3, counsel for the defendant met
4  and conferred with plaintiff's counsel numerous times before the filing of this
5  motion.
6        This motion will be made and based on this Notice of Motion, the
7  Memorandum of Points and Authorities, the pleadings and records on file with this
8  court, the Request for Judicial Notice filed concurrently herewith, and upon such
9  oral or documentary evidence as may be presented at the hearing of this motion.
10
11 DATED: June 1, 2020                    CARPENTER, ROTHANS & DUMONT LLP
12
13                                                     /s/ *Caylin W. Jones*
                                         By: _____
14                                             JILL WILLIAMS
                                               CAYLIN W. JONES
15                                             Attorneys for Defendant,
                                               County of Los Angeles
16

- 2 -
NOTICE OF MOTION AND MOTION FOR JUDGMENT
ON THE PLEADINGS

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This action arises out of the shooting of Plaintiff Eduardo Sanchez by Los Angeles County Sheriff's Department Deputy Parker Driscoll on November 25, 2018, after Sanchez attacked the deputy with a knife. Sanchez survived, and has since been convicted of assault with a deadly weapon on a police officer (California Penal Code section 245).

That day, Deputy Driscoll responded to an assault with a deadly weapon call. Upon arrival at the scene, Deputy Driscoll was confronted by Plaintiff Sanchez, who was irate, holding a knife and threatening his neighbor. Deputy Driscoll instructed Sanchez to drop the weapon repeatedly. Sanchez diverted his attention from his neighbor to Deputy Driscoll and instead of complying with Deputy Driscoll's commands, approached Deputy Driscoll with his knife screaming, "I am going after you motherfucker!" When Sanchez continued to ignore Deputy Driscoll's commands to drop the knife and got in close proximity, Deputy Driscoll shot Sanchez.

Afterwards, Sanchez was arrested and charged with three felony counts, including two counts of assault with a deadly weapon (pertaining to the neighbor) and one count of assault with a deadly weapon against a peace officer. On February 28, 2020, Sanchez pleaded no contest to, and was convicted of, violating Penal Code section 245(c), assault with a deadly weapon against a peace officer.

All of Sanchez's claims in this lawsuit are premised on the use of force by Deputy Driscoll. In light of Sanchez's criminal conviction, all of the claims he asserts are barred and this action should be dismissed, pursuant to the doctrine established by the Supreme Court in Heck v. Humphrey, 512 U.S. 477 (1994).

### II. APPLICABLE LEGAL STANDARD

A motion for judgment on the pleadings serves the same function as a motion to dismiss but, is made after the close of pleadings. See Westlands Water

Dist. v. U.S., Dept. of Interior, Bureau of Reclamation, 805 F.Supp. 1503 (E.D. Cal. 1992), aff'd 10 F.3d 667; Enron Oil Trading & Trans. Co. v. Walbrook Ins. Co., Ltd., 132 F.3d 526, 529 (9th Cir.1997); United States v. In re Seizure of One Blue Nissan Skyline Auto., & One Red Nissan Skyline, 683 F.Supp.2d 1087, 1089 (C.D. Cal. 2010).

Federal Rule of Civil Procedure 12(b) authorizes a motion to dismiss a claim where a complaint fails to state facts sufficient to support a claim upon which relief can be granted or where a court lacks jurisdiction over a matter. FED. R. CIV. P. 12(b)(1), (2), (6). A motion to dismiss under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988); Weisbuch v. County of Los Angeles, 119 F.3d 778, 783 (9th Cir. 1997). Whether an action is barred by the Supreme Court's holding in Heck may be properly resolved by way of a motion for judgment on the pleadings. See, e.g., Beets v. County of Los Angeles, 669 F.3d 1038 (9th Cir. 2012); Garber v. City of Los Angeles Gen. Servs. Dep't, 509 F. App'x 667 (9th Cir. 2013); Lozano v. City of San Pablo, No. 14-CV-00898-KAW, 2014 WL 4386151, at 4 (N.D. Cal. Sept. 4, 2014).

Furthermore, when ruling on a motion for judgment on the pleadings, a court may consider "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice – without converting the motion . . . into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003); see also Heliotrope Gen., Inc. v. Ford Motor Co., 189 F.3d 971, 981 n. 18 (9th Cir.1999). Judicial notice may be taken of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201. Facts that may be judicially noticed include

matters of public record or of documents whose contents are alleged in the complaint and whose authenticity is not questioned.  See Lee v. City of L.A., 250 F.3d 668, 688-89 (9th Cir.2001).

Here, as demonstrated by the Felony Complaint filed in the criminal action against Plaintiff Sanchez and the docket sheet in that criminal case, all of the claims asserted by Sanchez are barred by Heck.

### III. THIS ENTIRE ACTION IS BARRED BY THE DOCTRINE SET FORTH BY THE SUPREME COURT IN *HECK v. HUMPHREY*.

As a result of Sanchez's conduct on November 25, 2018, that precipitated the shooting, Sanchez was arrested for and charged with numerous felony counts, including assault with a deadly weapon on a peace officer.  See RJN, Ex. "A" (Criminal Compl., Los Angeles County Sup. Ct. #MA07186).   On February 28, 2020, Sanchez pleaded nolo contendere to violating Penal Code section 245(c), assault with a deadly weapon on a peace officer (i.e. Parker Driscoll) and was convicted of that charge. See RJN, Ex. "B" (Criminal conviction of Eduardo Sanchez). Because Sanchez's conviction has not been reversed, expunged, declared invalid or called into question, each of his claims is barred by the doctrine established by the Supreme Court in Heck v. Humphrey, *supra*, 512 U.S. 477.

In Heck, the Supreme Court held:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a Section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus . . . A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under Section 1983.

Id. at 486-87 (emphasis in original).  This doctrine bars not only the plaintiff's claims under 42 U.S.C. § 1983, but all of his related state-tort claims as well.  See Hooper v. Cnty. of San Diego, 629 F.3d 1127, 1134 (9th Cir. 2011); Susag v. City of Lake Forest, 94 Cal.App.4th 1401 (2002).

In the context of a prisoner's malicious prosecution claim, in Heck, the Court explained the rationale underlying its holding:

> This requirement "avoids parallel litigation over the issues of probable cause and guilt . . . and it precludes the possibility of the claimant [ sic] succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction."
> [Citation.] Furthermore, "to permit a convicted criminal defendant to proceed with a malicious prosecution claim would permit a collateral attack on the conviction through the vehicle of a civil suit."
> [Citation.]  This Court has long expressed similar concerns for finality and consistency and has generally declined to expand opportunities for collateral attack, [citations].  We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution.

Heck, 512 U.S. at 484-86.  Allowing Sanchez to proceed with this lawsuit would run afoul of the fundamental holding of Heck, where his claims in the lawsuit are, essentially, a collateral attack on his criminal conviction.

Plaintiff Sanchez's claims can generally be divided into two categories: (1) the use of force; and (2) municipal liability.  As will be set forth below, Sanchez's

criminal convictions preclude him from asserting his claim of excessive force. Furthermore, because the success of the municipal liability claims is dependent on the success of the other claims, these claims, too, are foreclosed by Sanchez's criminal conviction.

### A. Excessive Force (Claims 1, 2, 4, 5, 6 and 7)

In his first claim, Sanchez alleges that the Deputy Driscoll used excessive force against him in violation of his Fourth Amendment rights. See Sanchez Compl., ¶ 28. In his second claim, Sanchez alleges that "as a result of [defendants'] misconduct defendants are liable for plaintiff's physical, mental and emotional injuries, either because they were integral participants in the excessive force or because they failed to intervene to prevent these violations." Id. at ¶ 40. In the fourth claim, Sanchez asserts a violation of Civil Code section 52.1, alleging that as a result of the shooting, Deputy Driscoll interfered with his constitutional rights. Id. at ¶ 50. In the fifth claim, Sanchez alleges that Deputy Driscoll battered him by touching him (shooting him) without his consent. Id. at ¶ 56-7. In the sixth claim, Sanchez alleges that Deputy Driscoll's "outrageous and intentional conduct caused Sanchez to suffer physical injury, emotional distress, pain and suffering." Id. at ¶ 60-66. Finally, in the seventh claim for negligence, Sanchez alleges that Deputy Driscoll breached a duty when he used deadly force against him. Id. at ¶ 70.

Each of these claims is premised on an allegation that Deputy Driscoll used excessive force against Sanchez, and each is foreclosed by Sanchez's conviction for violating Penal Code section 245 (c). This statute provides that, "Any person who commits an assault with a deadly weapon or instrument, other than a firearm, or by any means likely to produce great bodily injury upon the person of a peace officer or firefighter, and who knows or reasonably should know that the victim is a peace officer or firefighter engaged in the performance of his or her duties, when the peace officer or firefighter is engaged in the performance of his or her duties,

shall be punished by imprisonment in the state prison for three, four, or five years." CAL. PENAL CODE § 242(c). In order for Sanchez to have been convicted of violating section 242(c), it must have been established that: (1) Sanchez engaged in an act with a deadly weapon (2) Sanchez acted willfully; (3) when Sanchez acted, he was aware of facts that would lead a reasonable person to realize his act would directly and probably result in the application of force to someone; (4) he had the present ability to apply force likely to produce great bodily injury and (5) **the person assaulted was lawfully preforming his duties as a peace officer** and Sanchez knew, or reasonable should have known, that the person assaulted was a peace officer preforming his duties. See CAL CRIM MODEL JURY INSTR. 860.

With regard to the fifth element, a police officer is not lawfully performing his duties if he uses unreasonable or excessive force on the individual at the time the defendant's conduct. See id.; People v. Olguin, 119 Cal.App.3d 39 (1981); People v. White, 101 Cal.App.3d 161, 164 (1980). Therefore, implicit within a conviction for violating Penal Code section 245(c) is a finding that Deputy Driscoll did *not* use unreasonable or excessive force.

Sanchez has not alleged, and cannot allege that his conviction has been reversed, expunged or otherwise called into question. Therefore, he cannot maintain this action because, implicit within the conviction, was a finding that Deputy Driscoll did not use excessive force against him. If Sanchez were to prevail in this case by convincing the Court or a jury that the force used against him was excessive, "two conflicting resolutions arising out of the same or identical transaction" (Heck, 512 U.S. at 484) would result: the very thing Heck bars.

### B. Municipal Liability (Claim 3)

With regard to Sanchez's third claim, this claim is entitled "Section 1983; Monell Claim", the City's liability under this claims hinges on the individual deputy's liability and, as such, because the claims against Deputy Driscoll are barred by Heck, so, too, are the claims against the County.

To succeed on a Monell claim, the plaintiff must establish that: (1) the deputy acted under color of law; (2) the actions of the deputy deprived the plaintiff of his particular rights under the United States Constitution; and (3) the deputy acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the City.  See 9th Cir. Model Jury Instr. 9.4; Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992).  Because Plaintiff Sanchez's criminal convictions preclude him from asserting any claim that Deputy Driscoll violated his constitutional rights, he would not be able to establish the second element of a Monell claim.  Thus, this claim, too, is barred by the Heck doctrine.

## IV. CONCLUSION

Based upon the foregoing, the defendants respectfully request that this Court grant the instant Motion for Judgment on the Pleadings in its entirety and dismiss Plaintiff Sanchez's action, with prejudice.

DATED:  June 1, 2020                         CARPENTER, ROTHANS & DUMONT LLP

                                             /s/ *Caylin W. Jones*
                                  By:  _____
                                             JILL WILLIAMS
                                             CAYLIN W. JONES
                                             Attorneys for Defendant,
                                             County of Los Angeles